## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-130-SPS |
| | ) | |
| JO ETTA HYDE; MICHAEL DEE | ) | |
| HYDE; STATE OF OKLAHOMA, | ) | |
| ex rel. Oklahoma Tax Commission; | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF SEQUOYAH | ) | |
| COUNTY, OKLAHOMA; COUNTY | ) | |
| TREASURER OF SEQUOYAH | ) | |
| COUNTY, OKLAHOMA; and | ) | |
| NATIONAL BANK OF SALLISAW, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER DENYING PLAINTIFF
## UNITED STATES OF AMERICA'S MOTION FOR SUMMARY
## JUDGMENT WITH BRIEF IN SUPPORT

The United States of America brought this foreclosure action on behalf of the

Farm Service Agency (FSA) under 28 U.S.C. § 1345 against Defendants Jo Etta Hyde

and Michael Dee Hyde, husband and wife, as well as the State of Oklahoma ex. rel

Oklahoma Tax Commissioner, Sequoyah County Board of County Commissioners,

Sequoyah County Treasurer, and the National Bank of Sallisaw, who also claim some

interest in the mortgaged property at issue in this action. The United States alleged that

the Hydes defaulted on mortgage payments for certain property listed in the Amended

Complaint [Docket No. 27], and now seeks summary judgment against Defendants Jo

Etta Hyde and Michael Dee Hyde,[1] husband and wife, pursuant to Fed. R. Civ. P. 56, asserting that there is no genuine issue of material fact to dispute their liability. For the reasons set forth below, the Court finds that the Defendant United States of America's Motion for Summary Judgment with Brief in Support [Docket No. 58] should be DENIED.

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S . 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

---

[1] Although the summary judgment motion was not directed against the remaining Defendants, the Defendant State of Oklahoma ex rel. Oklahoma Tax Commission nevertheless responded to the motion to indicate that the State did not object to an entry of judgment in favor of the Plaintiff United States, so long as the Court recognized that the State of Oklahoma had issued a tax warrant to the Hydes on September 30, 2010, and that such a lien should be given priority over all subsequently filed liens or interests. *See* Docket No. 60 & Ex. 1. Because the Court denies the summary judgment motion for the reasons below, the Court declines to address the issue of priority of liens at this time.

In the Amended Complaint, the Plaintiff United States identified the three tracts of land at issue and listed a promissory note, mortgage, and security interests, each executed by one or both of the Hydes. The United States further alleged that the Hydes had defaulted on these notes, mortgages, and security interests; that the United States may foreclose on these interests in the event of default; and that the United States has priority over all other interested parties. *See* "Amended Complaint," Docket No. 27.

The Plaintiff contends that summary judgment is thus appropriate here as to Defendants Hyde because they have defaulted on payment of the promissory note that had been secured by a collateral security interest in livestock, farm equipment, and motor vehicles. In the Motion for Summary Judgment, Plaintiff asserts that the government is entitled to summary judgment against the Hydes in the amount of $199,497.32, plus interest of $2,181.67 through August 26, 2014, and accruing at the daily rate of $9.5649 until paid in full. Attached to their motion is an Affidavit by Melissa L. Cook, an FSA employee who stated she had reviewed the files, that the Hydes were indebted to the United States and were in default on such debt, and that the Hydes had been offered "all administrative rights afforded by law or regulation" prior to the acceleration and referral for foreclosure. *See* "Affidavit," Docket No. 58, Ex. 1, p. 1. The Hydes agree that they are recently delinquent on their FSA loan, but contend that summary judgment is not appropriate because: (i) an FSA supervisor promised they would have a chance to buy out their loan but they were not actually given that chance, (ii) they have never received from the government a statement or accounting of the debt owed, and (iii) they have been making partial payments in effort to satisfy the debt owed which has reduced the total

amount owed below what the government has claimed. Attached to the Hydes' response is an Affidavit signed by Jo Etta Hyde, stating that she was disputing the amount the FSA claimed they owed because she had "relied upon the local FSA to help me in the loan restructuring[,]" "FSA relief was not forthcoming[,]" and she "never received an accounting from FSA on the amount of the debt. *See* "Affidavit," Docket No. 62, Ex. 1. In its Reply, the Plaintiff provided a timeline of events indicating, as relevant, that: (i) the FSA mailed a loan servicing packet to the Hydes via certified mail on April 3, 2012; (ii) the Hydes accepted it on April 16, 2012; (iii) FSA mailed a reminder on May 16, 2012; (iv) additional servicing options were sent via certified mail on June 28, 2012, and accepted by Jo Etta Hyde on June 29, 2012; and (v) an acceleration letter was accepted by Jo Etta Hyde on April 16, 2013. The Plaintiff then asserted that the Hydes were thus offered all administrative rights afforded by law and regulation, that the Defendants Hyde failed to avail themselves of the opportunity to restructure their debt, and that a payoff amount was provided on February 15, 2013. Furthermore, even though the total amount of the debt had been reduced by extra payments made by the Hydes, the extra payments would not cancel the acceleration notice. The Plaintiff, however, attached no documentation or evidence to support these statements, including documentation reflecting the Hydes' (undisputed) default, and the Hydes contend that they were not provided the requisite notice. *Cf. United States v. Sebo*, CIV-10-368-RAW, 2011 WL 4443206, at \*2 (E.D. Okla. Sept. 22, 2011) ("Plaintiff has shown that Defendants were sent the notifications required by statute, and Defendants wholly failed to respond with the required paperwork.").

The dispute between the parties, then, is whether the Plaintiff afforded the Hydes all administrative rights afforded by law and regulation prior to bringing this foreclosure action. Despite the assertion of facts that would tend to support a finding that the Hydes were provided all such rights, the government has provided no evidence to support these asserted facts. *See United States v. Welch*, 2013 WL 1444053, at *5 (D. Colo. Mar. 13, 2013) ("Where the movant bears the ultimate burden of proof at trial, it must submit evidence to establish every element of its claims."). Instead, the Court is left with affidavits from both parties making opposing statements as to a material fact. Viewing this evidence in the light most favorable to the Hydes, *see Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009) ("We consider the evidence in the light most favorable to the non-moving party[.]") [citation omitted], the Court finds that such a fact issue precludes summary judgment. *See* Fed. R. Civ. P. 56(a) ("The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law.").

In summary, the United States is not entitled to judgment in its favor with regard to Defendants Jo Etta Hyde and Michael Dee Hyde as a matter of law. Accordingly, IT IS ORDERED that the Defendant United States of America's Motion for Summary Judgment with Brief in Support [Docket No. 58] is hereby DENIED.

**DATED** this 16th day of April, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma